UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| ACQUILLA GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 7:14-CV-69-JMH |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | **AND ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court upon cross-motions for Summary Judgment [DE 12, 13] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits and supplemental security income. [Tr. 8-22].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will grant Plaintiff's motion and deny Defendant's motion.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

>   1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

>   2.  An individual who is working but does not have a "severe" impairment which significantly limits his

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 13]. Under step two, the ALJ found that Plaintiff's history of minor degenerative

2

joint disease in the knees, morbid obesity, diabetes, generalized anxiety disorder, and depression were "severe" as defined by the agency's regulations. [Tr. 13]; 20 CFR § 416.920(c).

During step three of the analysis, the ALJ considered all of Plaintiff's impairments and decided that none of them met the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 14]. After further review of the record, the ALJ concluded at step four that Plaintiff had a residual functional capacity ("RFC") to perform light work, but was limited in that she could never climb ladders, ropes, or scaffolds and could occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, and crawl. Plaintiff must avoid concentrated exposure to pulmonary irritants (fumes, odors, dust, gasses, and poorly ventilated areas) and hazards (moving machinery and unprotected heights). [Tr. 16]. Plaintiff was further limited in that she could remember, understand, and carry out detailed and simple instructions; make judgments on simple work-related decisions and deal with changes in a routine work setting. Finally, Plaintiff could have no interaction with the public and only occasional interaction with co-workers and supervisors. [Tr. 16-17].

The ALJ found that Plaintiff was unable to perform any of her past relevant work. [Tr. 21]. However, there were jobs in

3

the national economy that Plaintiff could perform. [Tr. 21].
Thus, the ALJ determined that Plaintiff is not disabled under
the Social Security Act. [Tr. 22].

Plaintiff appeals the decision of the ALJ. Plaintiff argues
that the ALJ's finding that Plaintiff's back pain is not severe
is not based on substantial evidence and that the ALJ failed to
sustain its burden of establishing that there is other work in
the national economy that Plaintiff can perform.

## II. Standard of Review

In reviewing the ALJ's decision to deny disability
benefits, the Court may "not try the case de novo, nor resolve
conflicts in the evidence, nor decide questions of credibility."
*Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th
Cir. 1994) (citations omitted). Instead, judicial review of the
ALJ's decision is limited to an inquiry into whether the ALJ's
findings were supported by substantial evidence, 42 U.S.C. §
405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)
(citations omitted), and whether the ALJ employed the proper
legal standards in reaching her conclusion. *See Landsaw v. Sec'y
of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).
"Substantial evidence is more than a scintilla of evidence but
less than a preponderance; it is such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

4

### III. Factual and Procedural Background

Plaintiff was 33 years of age at the alleged disability date, [Tr. 21, 32], and has a ninth grade education. [Tr. 32]. Plaintiff has past work experience as a cab driver, a Walmart door greeter, and a caretaker. [Tr. 32-33]. Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income (SSI), alleging disability beginning on April 20, 2010. The claims were denied initially and upon reconsideration. [Tr. 11]. Plaintiff requested a hearing with the ALJ, which took place on August 29, 2012. [Tr. 11]. The ALJ issued an unfavorable decision denying disability insurance benefits and SSI on October 15, 2012. [Tr. 8].

According to Plaintiff, she has pain in her knees and back, which disrupts her ability to walk, climb stairs, and sleep. [Tr. 244]. Plaintiff treats the pain with Tylenol as well as Tramadol and Diclofenac for the pain in her knees, as well as Tribenzor for blood pressure and Metformin for her sugar levels. [Tr. 245]. Plaintiff acknowledges that she takes care of the household and does the cleaning and cooking, but that it is painful and slower work than it used to be. [Tr. 246]. Plaintiff claims that her daily activities are limited and more difficult, and that she is depressed. [Tr. 246].

Plaintiff visited the Seton Family Health Clinic for treatment of her medical impairments. In August, 2010 she complained of lower back and knee pain. [Tr. 484]. On December 28, 2010, Plaintiff was treated at St. Joseph Martin, complaining of leg pain. A Doppler ultrasound of Plaintiff's right leg was taken with no abnormal findings. [Tr. 299].

Beginning in February of 2011, Plaintiff received treatment at Pathways, Inc. There she was diagnosed with anxiety and depression and prescribed medication. [Tr. 317; 403-17]. She also received treatment for complaints of anxiety and depression at Mountain Comprehensive Care Center in 2011, where she was diagnosed with posttraumatic stress disorder (she reported abuse she suffered as a child) and her medication adjusted. [Tr. 502; 506].

In December of 2011, Plaintiff visited Dr. Gerald Payne complaining of low back, leg, knee, and arm pain, listing her pain at a 6 of 10. [Tr. 514]. Dr. Payne noted that Plaintiff's thoracic and lumbosacral spine where tender to palpation and her range of motion decreased, but no other lesions or deformities present. [Tr. 514-17]. On March 27, 2012, Plaintiff received a lumbar epidural steroid injection, reportedly tolerated the procedure well without complication. [Tr. 546]. Plaintiff continued to complain of pain at later visits, but stated that

she was able to perform activities of daily living, although unable to work due to pain. [Tr. 561-62; 568; 575].

Plaintiff underwent a consultative examination with Dr. William E. Waltrip on March 2, 2011. [Tr. 321-325]. A physical examination of Plaintiff revealed no problem with Plaintiff's range of motion in her back, but that she did have pain with flexion and extension of her lumbar spine. [Tr. 323]. Dr. Waltrip also noted that Plaintiff is obese, and she reported significant weight gain after she stopped smoking two years prior. [Tr. 322]. Based upon the examination, Dr. Waltrip concluded that Plaintiff's physical problems were secondary to her excessive obesity. [Tr. 324]. He determined that her knee was the most limiting in her activity, but this did not preclude her from "walking, standing, or sitting for moderate periods of time" and "lift moderately heavy objections without limitation." Furthermore, Dr. Waltrip found that Plaintiff's "back pain also limits her function only moderately." [Tr. 324].

On March 19, 2011, Plaintiff underwent a psychological consultative examination with Dr. Wayne Edwards. [Tr. 371-78]. Dr. Edwards found that Plaintiff was able to perform simple, repetitive tasks, ask simple questions, understand and remember one to two-step simple commands. He found that her concentration and persistence were congruent with her level of education and could work without special supervision. Additionally, Dr.

7

Edwards believed Plaintiff could work simple job tasks eight hours a day, five days a week without significant psychiatric symptoms but could be limited secondary to her physical complaints and could improve after mental health counseling and medication adjustment. [Tr. 376].

Vocational expert Mr. Anthony Michael testified at the hearing before the ALJ. [Tr. 46-49]. Mr. Michael testified that a person with an RFC equivalent to the ALJ's finding for Plaintiff would not be able to return to Plaintiff's past relevant work. [Tr. 47]. However, Mr. Michael found that there would be jobs in the national economy that someone with Plaintiff's RFC could perform. [Tr. 47-48].

Plaintiff testified that she has constant pain in her back that leads to pain throughout her body. She has diabetes, for which she takes pill medication. [Tr. 38]. She stated that she has anxiety and panic attacks and is easily stressed. [Tr. 34]. She does the shopping for her family and the chores, although her daughter assists her, and she can complete some tasks while sitting down. [Tr. 40]. She attends church, with services lasting an hour or two, but testified that she gets up several times throughout to go to the bathroom or because her back hurts. [Tr. 43].

**IV. Analysis**

8

Plaintiff raises two arguments to support his claim, and the Court will address each in turn.

**1. The ALJ's failure to find Plaintiff's back pain is a "severe" impairment is not a basis for remand.**

Plaintiff argues that, based on the evidence in Plaintiff's medical record, the ALJ should have found Plaintiff's back pain to be a "severe impairment" at step two of the sequential evaluation process. The Commissioner "concedes for the sake of argument" that Plaintiff's back pain should have been considered "severe" at step two, but argues that because the ALJ did not decline the Plaintiff's claim at step two, and considered Plaintiff's back pain in its RFC finding, the ALJ's failure to include back pain as a severe impairment does not prejudice the Plaintiff and, therefore, is not a basis for remand.

The Court agrees with the Commissioner. When an ALJ finds that a claimant has at least one severe impairment, it must continue its disability evaluation, considering "limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 (July 2, 1996); *Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir. 1987). For this reason, "when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible

error.'" *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) (quoting *Maziarz*, 837 F.2d at 244); *see also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) ("The ALJ's consideration of the cumulative effect of Nejat's impairments (both severe and non-severe) throughout the remaining steps of the analysis rendered any error harmless.").

At step two, the ALJ found that Plaintiff had five severe impairments, rejecting Plaintiff's other alleged impairments, including back pain. [Tr. 13-14]. The ALJ continued in its evaluation, noting in its RFC analysis the Plaintiff's complaints of a bad back, the pain she reported to Dr. Waltrip in flexion and extension related to her lumbar spine, tenderness in palpation and range of motion in the lumbar spine in December 2011, her epidural injection in her lumbar spine in March of 2012, and abnormalities found in Plaintiff's neural scan in May of 2012. [Tr. 17-19]. The ALJ also noted that the record lacked diagnostic and/or clinical evidence of severe pathologies that could explain Plaintiff's pain, that she has never had physical therapy, nor had surgical interventions been recommended, as well as the ALJ's observation that Plaintiff's daily activities and responsibilities are fairly demanding and performed consistently by Plaintiff. [Tr. 19]. Ultimately, the ALJ concluded the Plaintiff was limited to light work with additional limitations, which were consistent with limitations

10

found by the consultative examiners. [Tr. 20]. From this record, the Court finds that the ALJ properly considered Plaintiff's back pain in its RFC finding and thus, the ALJ's failure to find Plaintiff's back pain was a "severe" limitation does not constitute reversible error.

### 2. There is substantial evidence supporting the ALJ's finding of other work in the national economy that Plaintiff can perform.

Plaintiff argues that the VE's testimony conflicts with the Dictionary of Occupational Titles (DOT) on two occasions. This testimony was used by the ALJ as the basis for its finding that there is other work available to the Plaintiff in step five of its analysis. Plaintiff points out that the ALJ failed to resolve this conflict as required by Security Ruling 00-4 and, therefore, has failed to meet its burden at step five, constituting reversible error. The VE testified that a hypothetical individual with the limitations specified in Plaintiff's RFC could perform the jobs of routing clerk, hotel maid, inspector, and sorter. [Tr. 47-48].

First, Plaintiff contends that the VE's testimony is defective because the routing clerk position requires a reasoning level that is inconsistent with Plaintiff's limitation to simple decisions. The DOT classifies a routing clerk at reasoning level two, which means a person in this job should be able to "apply commonsense understanding to carry out detailed

but uninvolved written or oral instructions." Dictionary of Occupational Titles, app. C (2008), *available at* 1991 WL 688702.

Plaintiff's argument fails for several reasons. The ALJ determined, in a finding the Plaintiff does not dispute, that the Plaintiff can "remember, understand, and carry out detailed and simple instructions; she can also make judgments on simple, work-related decisions." [Tr. 16]. While the Plaintiff here is limited to simple decisions, the RFC specifically states that the Plaintiff can carry out detailed and simple instructions. Thus, a job description, such as the routing clerk, requiring the worker to carry out "detailed but uninvolved" instructions, is not entirely inconsistent with the Plaintiff's RFC.

Furthermore, the Sixth Circuit, in an unpublished opinion that this Court finds persuasive, has rejected the contention that a job classified at a level two is inconsistent with a limitation for simple work. See *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011); ("[N]either the Commissioner nor the VE has an obligation to employ the DOT, and there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications."); *see also Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) (citing *Monateri*); *Oliver v. Colvin*, No. CIV.A. 6:14-104-DCR, 2014 WL 6065849, at *8 (E.D. Ky. Nov. 12, 2014) (citing *Monateri*). Accordingly, the Court finds no conflict between the

12

VE's testimony regarding the routing clerk position and the Plaintiff's RFC, and thus, finds no cause for remand on this issue.

Second, Plaintiff argues that the job of hotel maid is inconsistent with the Plaintiff's environmental limitations. Plaintiff posits that the hotel maid job description includes the use of a vacuum cleaner, which involves exposure to dust, and activities such as scrubbing and waxing that "inevitably entail fumes, odors, and gases" and could require "moving machinery." Plaintiff's Brief, DE 12-1; *Cleaner I,* Dictionary of Occupational Titles (2008), *available at* 1991 WL 645969. Indeed, the ALJ, in its RFC, found Plaintiff "must avoid concentrated exposure to pulmonary irritants (fumes, odors, dust, gases, and poorly ventilated areas) and to hazards (moving machinery...)." [Tr. 16].

"When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000). The Sixth Circuit has held that this Ruling places an affirmative duty on an ALJ to ask the VE if their testimony conflicts with the DOT, however, having received an answer indicating the two are consistent, an ALJ does not have a

13

duty to "interrogate" the VE further to determine if they are correct. See *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009); *see also Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009) (internal quotation marks and citations omitted) ("The ALJ fully complied with SSR 00-4p when he asked the VE whether there was any discrepancy between [her] opinions and the DOT standards for the requirements of the jobs [she] named.").

Here, the ALJ asked the VE whether his testimony was consistent with the DOT and the VE responded affirmatively. [Tr. 49].[2] The ALJ need not investigate further, and, as a related matter, the Court notes that the claimant's attorney had an opportunity to cross-examine the VE but did not take it. *See Beinlich*, 345 F. App'x at 168-69. Thus, the Court finds that the ALJ satisfied its duty under SSR 00-4p. Additionally, even if the job of hotel maid is inconsistent with the Plaintiff's limitations, this leaves three other jobs that the VE testified were available to the Plaintiff based on her limitations. Thus, the VE's testimony provided substantial evidence from which the ALJ could reasonably conclude that there was work available in the national economy for the Plaintiff.

---

[2] Notably, in support of her argument that the ALJ was in violation of SSR 00-4p, the Plaintiff cites cases that are factually distinct from the case at bar. In *Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 706 (E.D. Mich. 2003), for example, the Court found the ALJ in violation of SSR 00-4p because he did not question the VE as to whether his testimony was consistent with the DOT. That is not the case in this matter. [*See* Tr. 49].

**V. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 12] be, and the same hereby is, **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 13] be, and the same hereby is, **GRANTED**.

This the 15th day of January, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge